NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTY DALE SPRINGER, )
)
      Appellant, )
)
v. )    Case No. 2D18-2265
)
NICOLE ANN SPRINGER, )
)
      Appellee. )
_____)

Opinion filed July 19, 2019.

Appeal from the Circuit Court for Pinellas
County; Jack Helinger, Judge.

Carrington Madison Mead, Jacksonville,
for Appellant.

Stephanie M. Willis of Willis Law and
Mediation, PLLC, Palm Harbor, for
Appellee.

SILBERMAN, Judge.

      This case involves a child born to Nicole Ann Springer (the Biological

Mother) while she was in a same-sex relationship with Christy Dale Springer (the

Former Partner). The Former Partner appeals the Order on Mother's Verified Motion to

Dismiss that dismisses for lack of standing the Former Partner's amended petition for

declaratory relief in which she seeks a recognition of parentage and time-sharing. We

affirm.

The parties met and began their relationship in Ohio. In spring 2013, they began discussing forming a family. The Biological Mother later became pregnant by an intrauterine insemination procedure in which her egg was fertilized by donor sperm. The Former Partner paid for the sperm used in the procedure, but she has no biological connection to the child. Before the child was born, the Former Partner researched online and found a document which addressed coparenting. The parties signed a "coparenting agreement" on June 24, 2014, which referred to the child to be born as "our child" and expressed the intention for the parties to "jointly and equally" share parental responsibility. But the agreement recognized that under the law their power to contract regarding the child was limited. The agreement also stated "that the law will recognize [the Biological Mother] as the only mother of the child." The child was born on July 14, 2014. The parties moved to Florida with the child in May 2015 and later separated. They never married, and the Former Partner did not adopt the child.

In her amended petition, the Former Partner seeks to be recognized as a legal parent of the child and to be awarded parental responsibility and time-sharing pursuant to section 61.13(2)(c)(1), Florida Statutes (2017).[1] However, a coparenting agreement between a biological parent and a nonparent is not enforceable under Florida Law. See Wakeman v. Dixon, 921 So. 2d 669, 671-73 (Fla. 1st DCA 2006) (determining that a coparenting agreement between a same-sex couple was unenforceable under Florida law where a former partner sought a declaration of

_____

[1]In the amended petition, the Former Partner requested relief under Florida law. Despite inquiry by the trial court, she did not present any substantive argument regarding Ohio law, the location where the parties entered into the agreement.

- 2 -

parental rights); see also D.M.T. v. T.M.H., 129 So. 3d 320, 346 (Fla. 2013) (involving a partner who was the egg donor seeking parental rights and distinguishing Wakeman because the partner there who claimed parental rights was not a biological mother; recognizing that cases involving nonparents did not apply to biological parents); Russell v. Pasik, 178 So. 3d 55, 59-60 (Fla. 2d DCA 2015) (relying upon Wakeman in determining that the time-sharing provisions of section 61.13 apply to parents, not nonparents, and determining that a "de facto" parent in a same-sex relationship had no standing to seek time-sharing); De Los Milagros Castellat v. Pereira, 225 So. 3d 368, 372 (Fla. 3d DCA 2017) (Logue, J., concurring) ("In D.M.T., the Florida Supreme Court expressly approved Wakeman's holding that the lesbian partner who was the birth mother had parental rights protected by the constitution that prevailed over the claims of a partner who was neither the biological nor legal mother, even though the couple clearly intended to raise the children together." (citing D.M.T., 129 So. 3d at 346)).

We commend the trial court for its thorough analysis and acknowledge its concerns that "the law is slow to address" changes in this area "as society and medicine create new factual situations," echoing Judge Van Nortwick's special concurrence in Wakeman. See Wakeman, 921 So. 2d at 674-76 (Van Nortwick, J., specially concurring). Despite his observations, Judge Van Nortwick recognized that Florida law does not provide a remedy to a partner who has no biological connection to a child. See id. at 674. Based on the applicable law, we affirm the trial court's order.

Affirmed.


NORTHCUTT and BADALAMENTI, JJ., Concur.